SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SAMANTHA D. HARDY, Cal. Bar No. 199125
MATTHEW S. DENTE, Cal. Bar No. 241547
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:   619-338-6500
Facsimile:   619-234-3815
Electronic mail:   shardy@sheppardmullin.com
                   mdente@sheppardmullin.com

Attorneys for Frito-Lay ROLLING FRITO-LAY SALES, LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ROJAS, JR., | Case No. 3:08-cv-00092-MEJ |
| Plaintiff, | Assigned to: Magistrate Judge Maria-Elena James |
| v. | **ROLLING FRITO-LAY SALES, L.P.'S ANSWER TO COMPLAINT** |
| ROLLING FRITO-LAY SALES, LP, a Delaware Limited Partnership, and DOES 1-50 inclusive, | |
| Defendants. | |

Defendant Rolling Frito-Lay Sales, LP ("Frito-Lay"), for its answer to the Plaintiff's Complaint for Damages ("Complaint"), alleges as follows:

**FACTS COMMON TO ALL CAUSES OF ACTION**

1. Answering paragraph 1, Frito-Lay admits the material allegations therein.

2. Answering paragraph 2, Frito-Lay denies the material allegations therein.

3. Answering paragraph 3, Frito-Lay admits Alameda County Superior Court is the proper venue, asserts that removal to the District Court for the Northern District of California was proper, and denies any unlawful employment practices occurred.

4. Answering paragraph 4, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the material allegations alleged therein, and on that basis, denies them.

5. Answering paragraph 5, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the material allegations alleged therein, and on that basis, denies them.

6. Answering paragraph 6, Frito-Lay admits Plaintiff was hired as a driver for Frito-Lay, Inc. in or about April 1996, and became a driver for Rolling Frito-Lay Sales, L.P. on December 12, 2000, when that entity was created.

7. Answering paragraph 7, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the material allegations alleged therein, and on that basis, denies them.

8. Answering paragraph 8, Frito-Lay denies the material allegations therein.

9. Answering paragraph 9, Frito-Lay denies the material allegations therein.

10. Answering paragraph 10, Frito-Lay denies the material allegations therein.

## FIRST CAUSE OF ACTION
### Unlawful Failure to Provide Off-Duty Meal Periods
### (Labor Code §§ 226.7, 512; Wage Order No. 4-2001)

11. Answering paragraph 11, Frito-Lay incorporates by reference its responses to paragraphs 1 through 10 of the Complaint.

12. Answering paragraph 12, Frito-Lay denies the material allegations therein.

13. Answering paragraph 13, Frito-Lay denies the material allegations therein.

14. Answering paragraph 14, Frito-Lay admits Plaintiff requests relief as described in the Complaint.

## SECOND CAUSE OF ACTION
### Waiting Time Penalties
### (Labor Code §§ 201, 202, 203)

15. Answering paragraph 15, Frito-Lay incorporates by reference its responses to paragraphs 1 through 14 of the Complaint.

16. Answering paragraph 16, Frito-Lay responds that Labor Code Sections 201, 202 and 203 speak for themselves.

17. Answering paragraph 17, Frito-Lay denies the material allegations therein.

## THIRD CAUSE OF ACTION
### Unfair Competition
### (Bus. & Prof. Code §§ 17200-17208)

18. Answering paragraph 18, Frito-Lay incorporates by reference its responses to paragraphs 1 through 17 of the Complaint.

19. Answering paragraph 19, Frito-Lay denies the material allegations therein.

20. Answering paragraph 20, Frito-Lay denies the material allegations therein.

## FOURTH CAUSE OF ACTION
### Labor Code Violations
### (Failure to Permit Rest Periods)

21. Answering paragraph 21, Frito-Lay incorporates by reference its responses to paragraphs 1 through 20 of the Complaint.

22. Answering paragraph 22, Frito-Lay denies it violated inter alia California Labor Code Sections 510, 226.7(a) and (b), and/or 2699 and/or Industrial Welfare Commission Orders, including orders #4-2001 and 8 CCR Sections 11010-11150 para. 2 and Section 11160 para. 1, and responds that these provisions speak for themselves.

23. Answering paragraph 23, Frito-Lay denies it failed to grant Plaintiff meal periods as required by California law and admits Plaintiff claims Frito-Lay did so and claims Frito-Lay is required to pay him a penalty of one additional hour of pay at his regular rate of pay for each day he claims Frito-Lay failed to provide him a rest period for each four hours or fraction thereof worked.

### PRAYER FOR RELIEF

To the extent a response is required, Frito-Lay denies Plaintiff is entitled to any relief.

### DEMAND FOR JURY TRIAL

To the extent a response is required, Frito-Lay admits Plaintiff demands a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

Neither the Complaint, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action upon which relief can be granted against Frito-Lay.

## SECOND AFFIRMATIVE DEFENSE

(Laches)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

(Statutes of Limitations)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff is estopped by his conduct from asserting the causes of action upon which he seeks relief.

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

The Complaint and each purported cause of action alleged therein are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff has or had unclean hands with respect to the matters alleged in the Complaint and is therefore barred from recovering any relief on the Complaint or any purported cause of action alleged therein.

## SEVENTH AFFIRMATIVE DEFENSE

(Consent)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiff consented to the conduct about which he now complains.

## EIGHTH AFFIRMATIVE DEFENSE

(Misrepresentations)

Frito-Lay is informed and believes, and on that basis alleges, that Plaintiff's causes of action are barred, in whole or in part, by misrepresentations made by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

(No Willful Failure to Pay)

Plaintiff cannot recover waiting time penalties because any alleged failure to pay wages was based on a good faith dispute regarding the applicable law or facts.

## TENTH AFFIRMATIVE DEFENSE

(No Loss/Unjust Enrichment)

Plaintiff has not suffered any losses and Frito-Lay has not been unjustly enriched as a result of any action or inaction of Frito-Lay or its agents. Plaintiff is therefore not entitled to any disgorgement or restitution.

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff has failed to mitigate his losses, if any, and as a result of such failure, any award must be reduced, excused, and/or discharged.

## TWELFTH AFFIRMATIVE DEFENSE

(Comparative Fault)

The damages, if any, allegedly sustained by Plaintiff were proximately caused or contributed to, in whole or in part, by the negligence or other culpable conduct of persons other than Frito-Lay, including, without limitation, Plaintiff, thereby requiring that the comparative fault of all such persons be determined and apportioned.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Justification And Privilege)

Frito-Lay cannot be liable for any alleged violation of California Business and Professions Code Section 17200, et seq. because its actions, conduct and dealings with its employees were lawful, and were carried out in good faith and for legitimate business purposes.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Res Judicata)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of res judicata.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Collateral Estoppel)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of collateral estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

The Complaint is barred, in whole or in part, by the doctrine of after-acquired evidence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(State Law Preemption)

Some or all of Plaintiff's causes of action are barred and/or preempted by state law, including but not limited to the motor carrier exemption, the outside sales exemption and the commission sales exemption.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Full Performance)

Plaintiff is not entitled to any relief because Frito-Lay has performed all statutory, contractual and other obligations.

Frito-Lay presently has insufficient knowledge and information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Frito-Lay reserves the right to assert additional affirmative defenses in the event discovery or investigation indicates it would be appropriate.

WHEREFORE, Frito-Lay prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;

2. That Frito-Lay be awarded all of its costs and attorneys' fees incurred herein; and

3. That the Court award such other and further relief as it deems just and proper.

Dated: January 11, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Samantha Hardy
SAMANTHA D. HARDY
MATTHEW S. DENTE

Attorneys for Defendant ROLLING FRITO-LAY, SALES, LP